IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY L. KENT )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CARRIAGE FUNERAL HOLDINGS, INC.; )<br>GREG BRUDNICKI; KENDALL GLOVER;)<br>MELVIN PAYNE; W. CLARK HARLOW; )<br>et. al. )<br>)<br>Defendants. ) | CASE NUMBER: 2:05cv963-D |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION:

Defendants, Carriage Funeral Holdings, Inc. ["Carriage"], Greg Brudnicki ["Brudnicki"], Melvin Payne ["Payne"] and W. Clark Harlow ["Harlow"] file this notice of removal pursuant to 28 U.S.C. § 1441(a), removing the above-styled cause from the Circuit Court of Barbour County, Alabama, Clayton Division, to the United States District Court for the Middle District of Alabama, Northern Division, and, as grounds for said removal, state as follows:

1.  On or about September 1, 2005, Plaintiff Ricky L. Kent filed suit against Defendants Carriage, Brudnicki, Payne, Harlow, Kendall Glover ["Glover"] and several fictitiously described defendants alleging fraud, suppression, conspiracy, breach of contract, breach of fiduciary duty, negligence, wantonness, forgery and seeking an accounting arising from the alleged forgery of Plaintiff's signature to a February 16, 2000

1

Amendment to the Asset Purchase Agreement regarding the sale of the Kent-Thornton Funeral Home to Carriage. [Complaint ¶s 9, 10 and 17]. Plaintiff was one of the shareholders of the corporation that sold the assets of Kent-Thornton Funeral Home to Carriage. [Complaint, ¶s 9 and 10].

2. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases. *See* 28 U.S.C. §§ 1441(b), 1446(b).

3. Defendant Carriage was served on or about September 7, 2005. Defendants Glover and Brudnicki were served on or about September 8, 2005. Defendants Harlow and Payne were served on or about September 12, 2005.

4. As established below, Defendant Glover has been fraudulently joined and as such, need not join in or consent to removal. *GMFS, L.L.C. v. Bounds*, 275 F.Supp.2d 1350, 1353 (S.D. Ala. 2003); *See also Balazik v. County of Dauphin*, 44 F.3d 209, 213 n. 4 (3d Cir.1995); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir.1983); *Coyne v. America Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988).

5. Plaintiff is a resident citizen of the State of Alabama. [Complaint ¶ 1].

6. Defendant, Carriage, is and was at the time of the institution of this lawsuit a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in the State of Texas. Defendant Brudnicki is a resident citizen of the State of Florida. Defendant Payne is a resident citizen of the State of Texas. Defendant Harlow is a resident citizen of the State of Texas.

7. Defendant Glover, although a resident citizen of the State of Alabama, has been fraudulently joined and his citizenship is therefore disregarded for purposes of removal. 28 U.S.C. § 1441(a).

8. Plaintiff's complaint seeks both compensatory and punitive damages in an unspecified amount as a jury may award. The amount in controversy actually exceeds Seventy-five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest and costs, in that Plaintiff seeks unspecified general compensatory damages (including a claim for mental anguish) as well as punitive damages and attorney's fees. In this instance where the Plaintiff has not alleged any specific amount of claimed damages, the Court applies a "preponderance of the evidence" approach in determining whether the value of the Plaintiffs' claims reasonably exceed Seventy-five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest and costs. *Tapscott v. Ms Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996). In this respect, Defendants assert that it is more likely than not, based on the nature of the Plaintiff's allegations and the state venue in which this action was commenced, the true value of his claims exceed Seventy-five Thousand and 00/100 ($75,000.00) Dollars. This follows from consideration of several factors: (i) under existing Alabama law, the Plaintiff is not bound by the damage allegations of his ad damnum clauses and the jury is free to award the Plaintiff far in excess of what is being claimed in the complaint [*see, e.g., Fuller v. Preferred Risk Insurance Co.*, 577 So.2d 878, 883, 884 (Ala. 1991)]; Ala. R. Civ. P. Rule 54(c); (ii) any award for compensatory damages attributed to alleged mental anguish or emotional distress is largely discretionary with the jury and can carry awards in excess of the Seventy-five Thousand and 00/100 ($75,000.00) Dollars jurisdictional limit even without evidence of

significant distress and in the absence of any accompanying physical symptoms [*see, e.g., Beloit Corp. v. Harrell*, 339 So.2d 992, 997 (Ala. 1976); *Lawyers Title Insurance Corp. v. Vella*, 570 So.2d 578, 585 (Ala. 1990); *Beautilite Company, Inc. v. Anthony*, 554 So.2d 946, 950 (Ala. 1989)]; and (iii) the amount of punitive damages is likewise committed to the jury's discretion under Alabama law; with a result that cases involving relatively nominal or even no compensatory damages can carry punitive damage awards far in excess of the minimum jurisdictional limit. *See, e.g., Greentree Acceptance, Inc. v. Standridge*, 565 So.2d 38, 43 (Ala. 1990); *Alfa Life Ins. Corp. v. Jackson* 906 So.2d 143 (Ala. 2005) (Barbour County jury returned verdict of $5,000,000.00 in punitive damages alone against life insurance company on fraud, breach of contract and negligence/wantonness claims). Thus, the amount in controversy, exclusive of interest and costs, exceeds Seventy-five Thousand and 00/100 ($75,000.00) Dollars.

9. This Court has original jurisdiction pursuant to 28 U.S.C. §1332 in that complete diversity of citizenship exists between the proper opposing parties, disregarding the fraudulently joined Defendant, and the amount in controversy, exclusive of interest and costs, exceeds Seventy-five Thousand and 00/100 ($75,000.00) Dollars.

10. Defendant Glover has been fraudulently joined in an attempt to defeat diversity jurisdiction. Defendants Carriage, Brudnicki, Payne and Harlow bear the burden of establishing fraudulent joinder. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998). There are three instances in which a joinder of a non-diverse party is fraudulent, and does thus not defeat diversity jurisdiction: (1) where there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; (2) where there is outright fraud in the plaintiff's pleading of jurisdictional

facts; or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. Id. at 1287.  The joinder of Glover in this matter is fraudulent because there is no possibility that plaintiff can prove his causes of action against Glover.

The Plaintiff's allegations reflect that Plaintiff was an owner of Kent-Thornton Funeral Home in Dothan, Alabama (the "Funeral Home"). Complaint, ¶ 9.  In 1997, Plaintiff, along with the other shareholders of the corporation that owned the Funeral Home, agreed to cause that corporation to sell the Funeral Home to Carriage for $1,000,000.00, plus a Contingent Purchase Price, to be determined based upon the operating revenue of the Funeral Home. Id. at ¶ 10.  In early 2000, Defendants Brudnicki, Payne and Harlow are alleged to have approached Plaintiff and the other former shareholders of the Funeral Home to request an amendment to the Asset Purchase Agreement which would allow Carriage to pay off part of the Contingent Purchase Price early. Id. at ¶ 14.  Plaintiff alleges that although he declined to consent to the Amendment, Brudnicki forged his signature on the document in February of 2000. Id. at ¶s 16-17.  When Plaintiff received less money than he anticipated under the Asset Purchase Agreement at the end of 2000 and 2001, he was allegedly told by Brudnicki that the lower payout was due to mis-management of the Funeral Home by Defendant Glover in 2000. Id. at ¶s 18-19.[1]

---

[1] There is no claim of mismanagement of the Funeral Home asserted in the Complaint. Instead, the Complaint alleges, at least implicitly, that the representation that the Funeral Home was mismanaged was false. Complaint ¶s 18-19.

Regardless of the title assigned by Plaintiff to each of the sixteen claims asserted in his Complaint,[2] all of these claims arise out of wrongdoing that is alleged to have occurred, at the earliest, in 2000, when Plaintiff's signature was allegedly forged to the Asset Purchase Amendment and when he failed to receive as much money as he claims to have been owed under the Amendment which he alleges he never consented to. While there are logical and legal hurdles to the claims asserted in the Complaint, this Court need not grapple with those for purposes of finding that Plaintiff has no possibility of recovering from the lone non-diverse defendant, Glover.[3] Glover, who had simply been an employee of Carriage, could not have been involved, either directly or indirectly, in

---

[2] Although very difficult to discern from the allegations of the Complaint, it appears that Plaintiff only asserts the following claims against Glover: Fraud and Suppression (Count I); Conspiracy to Commit Fraud and Suppression (Count II); Negligence (Count VIII); Wantonness/Fraud and Suppression (Count IX); Wantonness/Breach of Contract (Count X); Wantonness (Count XII) and Conspiracy to Commit Forgery (Count XV).

[3] By way of example, Plaintiff's fraud and suppression claims fall short of complying with Rule 9(b), which requires the dismissal of fraud claims if not plead "with particularity". When multiple defendants are alleged to have committed fraud, Rule 9(b)'s goal of fair notice to each defendant requires a plaintiff to at least reasonably notify the defendants of their purported role in the fraud. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997). When a plaintiff, such as Plaintiff Kent in this case, instead chooses to make fraud allegations against all "defendants" without specifying each defendant's role, such allegations fail to satisfy Rule 9(b)'s requirements and are due to be dismissed. *See McAllister Towing & Transp. Co., Inc. v. Thorn's Diesel Service, Inc.*, 131 F.Supp.2d 1296, 1302 (M.D. Ala. 2001) (dismissing plaintiff's fraud claims, asserted generally against the "defendants", because the complaint's fraud "allegations simply fail to distinguish among Defendants and specify their respective role in the alleged fraud, thereby not fulfilling the pleading requirements of Rule 9(b)."). For example, Plaintiff makes no allegation that Glover specifically made any misrepresentation. At best, Glover is included in Plaintiff's non-specific, all-inclusive allegation that all Defendants, *including the Fictitious Defendants*, represented that the Plaintiff's payout was low due to mismanagement and low profits from the Funeral Home in 2000 and 2001. Complaint ¶ 24. As for the suppression claims, they are likewise flawed under Rule 9(b) as Plaintiff fails to even allege essential elements of a suppression claim, such as a duty to disclose or knowledge by Glover of the allegedly suppressed fact.

any of the alleged wrongdoing giving rise to Plaintiff's claims, all of which is alleged to have occurred more than 12 months *after* Glover stopped working for Carriage and the Funeral Home. Decl. of B. Glover, ¶ 4; Decl. of D. Horton, ¶ 2.[4] It is a logical and factual impossibility that Glover could have committed any wrong about which Plaintiff complains when he was neither employed by any other Defendant nor otherwise involved in the transaction upon which Plaintiff bases all of his claims.

Defendants Carriage, Brudnicki, Payne and Harlow have demonstrated and satisfied their burden of establishing that Defendant Glover has been fraudulently joined in an attempt to defeat diversity jurisdiction. Because Glover was no longer employed by Carriage nor involved in the operations of the Funeral Home after February of 1999, there is no possibility that Plaintiff can prevail against Glover on any of his asserted claims. Therefore, Glover's citizenship, for purposes of this Court's subject-matter jurisdiction, is properly disregarded.

11.    Venue is proper pursuant to 28 U.S.C. § 1391(a) in that the events giving rise to Plaintiffs' claims arose within the district embracing the United States District Court for the Middle District of Alabama, Northern Division.

12.    None of the Defendants have either answered or otherwise appeared in the proceeding now before the Circuit Court of Barbour County, Alabama, Clayton Division. Furthermore, none of the Defendants have sought similar relief.

13.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

---

[4] In addressing fraudulent joinder, the court may consider affidavits. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989); *Judson v. Nissan Motor Co.*, 52 F.Supp.2d 1352, 1356 (M.D. Ala.1999).

14. This Notice of Removal is filed within thirty (30) days of service as required by 28 U.S.C. § 1446(b).

15. A copy of all process, pleadings and orders served upon Carriage, Brudnicki, Payne and Harlow in this action are attached hereto as Exhibit A, and are incorporated by reference herein.

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiff's counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Circuit Court in and for Barbour County, Alabama, Clayton Division. A true and correct copy of this Notice is attached hereto as Exhibit B.

17. If any question arises as to the propriety of the removal of this action, the removing Defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, Defendants Carriage Funeral Holdings, Inc., Greg Brudnicki, Melvin Payne and W. Clark Harlow pray that this Court accept their Notice of Removal and make all necessary orders to effectuate the same and that, thereafter, the Circuit Court of Barbour County, Alabama, Clayton Division, proceed no further in the premises.

_____
C. Nelson Gill (GIL055)
Robert D. Segall (SEG003)
J. David Martin (MAR120)
*Attorneys for Defendants*

             Copeland, Franco, Screws & Gill, P.A.
             444 South Perry Street
             Post Office Box 347
             Montgomery, Alabama 36101-0347
             Phone: 334/834-1180
             Facsimile: 334/834-3172

## **CERTIFICATE OF SERVICE**

And, I hereby certify that I have mailed by United States Postal Service the document to the following counsel of record this the 6th day of October, 2005:

      **Attorney for Plaintiff Ricky L. Kent**
      D. Mitchell Henry
      Webster, Henry & Lyons, P.C.
      Post Office Box 239
      Montgomery, AL 36101-0239
      Ph: 334/264-9472
      Fax: 334/264-9599

             _____
             C. Nelson Gill