IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY L. KENT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NUMBER: 2:05cv963-D |
| ) | |
| CARRIAGE FUNERAL HOLDINGS, INC.; ) | |
| GREG BRUDNICKI; KENDALL GLOVER;) | |
| MELVIN PAYNE; W. CLARK HARLOW; ) | |
| et. al. ) | |
| ) | |
| Defendants. ) | |

STATE OF ALABAMA

COUNTY OF HOUSTON

### Declaration of Billy Kendall Glover Pursuant to 28 U.S.C. § 1746

"1.   My full name is Billy Kendall Glover. I am also sometimes known as Billy K. Glover, but I normally go by the name of Kendall Glover. I have personal knowledge of the matters referred to herein.

2.   I am currently a resident of Dothan, Houston County, Alabama and have been so since at least September 1996. I have not resided in Barbour County, Alabama since 1996.

3.   I first began work as a manager at the Kent-Thornton Funeral Home in Dothan, Houston County, Alabama ("Kent-Thornton") on or about September 1, 1996, when it was owned by a corporation controlled by Greg Brudnicki, Charles Kent, Ricky Kent and Scott Thornton. When Kent-Thornton was acquired by Carriage Funeral Holdings, Inc. ("Carriage") on or about November 20, 1997, I became a Carriage employee and Manager of Kent-Thornton.

4.   In July of 1998, I was demoted from Manager of Kent-Thornton to funeral director. I continued to serve as a funeral director for Kent-Thornton until February 6, 1999, when I resigned to become the manager of Ward Wilson Funeral Home in Dothan Alabama. Since resigning from my position at Kent-Thornton in early 1999, I have never been employed by Carriage or been otherwise involved in the operation or management of Kent-Thornton. I am currently working for the Southern Heritage Funeral Home in Dothan, which is not affiliated with Carriage.

5. I had no involvement with the preparation of documents related to Carriage's purchase of Kent-Thornton in November 1997. I further had no involvement in the preparation or execution of the amendment to the Kent-Thornton purchase agreement. I had no dealings, conversations or communications (directly or through an intermediary) with Ricky Kent, or anyone else, regarding the amendment to the Kent-Thornton purchase agreement. In fact, before being served with this lawsuit, I was not aware that an amendment to the purchase agreement existed and certainly had no knowledge of the terms of such amendment. I further had no dealings, conversations or communications (directly or through an intermediary) with Ricky Kent regarding any amounts due and payable under the terms of the Kent-Thornton purchase agreement or the subsequent amendment, and in fact have no knowledge of the payment terms of the Kent-Thornton purchase agreement or the subsequent amendment.

6. I did not speak to or otherwise communicate (directly or through any intermediary) with Greg Brudnicki, Mel Payne, Clark Harlow or anyone else employed by or otherwise associated with Carriage since the time I left Kent-Thornton February 6, 1999 until I received a copy of the lawsuit filed against me by Ricky Kent in September 2005.

7. I am not a party to either the Kent-Thornton purchase agreement, the subsequent amendment, or any other agreement to which Ricky Kent is a party.

I declare under penalty of perjury that the foregoing is true and correct."

Executed on this the 5th day of October, 2005.

Billy Kendall Glover

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKY L. KENT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NUMBER: 2:05cv963-D |
| | ) | |
| CARRIAGE FUNERAL HOLDINGS, INC.; | ) | |
| GREG BRUDNICKI; KENDALL GLOVER; | ) | |
| MELVIN PAYNE; W. CLARK HARLOW; | ) | |
| et. al. | ) | |
| | ) | |
| Defendants. | ) | |

STATE OF TEXAS         )
                       )
COUNTY OF HARRIS       )

**Declaration of Debbie Horton Pursuant to 28 U.S.C. § 1746**

"1.     My name is Debbie Horton, and I am currently employed as Manager of the Payroll Department for Carriage Services, Inc., which is the parent corporation of Carriage Funeral Holdings, Inc. I have personal knowledge of the matters referred to herein.

2.     According to Carriage's Payroll records, Billy K. Glover was first employed by Carriage on November 20, 1997. The records show that his employment with Carriage and the funeral home in Dothan, AL owned by Carriage ended on February 6, 1999. Mr. Glover has not been employed by Carriage since February 6, 1999.

I declare under penalty of perjury that the foregoing is true and correct."

Executed on this the 4th day of October, 2005.

_____
Debbie Horton

378631 000628 HOUSTON 415018.1