IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

| | |
|---|---|
| RICKY L. KENT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. CV-05-065 |
| ) | |
| CARRIAGE FUNERAL HOLDINGS, INC.; ) | |
| GREG BRUDNICKI; KENDALL GLOVER; ) | |
| MELVIN PAYNE; W. CLARK HARLOW; ) | |
| Fictitious Defendants A & B, ) | |
| being those persons, firms, corporations, ) | |
| partnerships or other entities, and their officers, ) | |
| agents, or employees who may be responsible for ) | |
| the allegations made the basis of this complaint; ) | |
| Fictitious Defendants C, D, & E being those ) | |
| persons, firms, corporations, partnerships or ) | |
| other entities, who conspired with other named ) | |
| or Fictitious Defendants to perpetrate fraud or ) | |
| other wrongs set forth herein or who did in fact ) | |
| cause such harm upon the Plaintiffs, ) | |
| ) | |
| Defendants. ) | |
| ) | |

FILED SEP 01 2005
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

## COMPLAINT

### STATEMENT OF PARTIES

1. Plaintiff, Ricky L. Kent, is an individual over the age of nineteen years and is a resident of Barbour County, Alabama.

2. Defendant Carriage Funeral Holdings, Inc. (hereinafter, "Carriage") is a Delaware corporation, qualified and doing business in Barbour County, Alabama.

3. Defendant Greg Brudnicki is an individual over the age of nineteen years and upon information and belief, is a resident of Panama City, Florida. At all material times herein, Greg Brudnicki was engaged in business activities in Alabama.

4.  Defendant Kendall Glover is an individual over the age of nineteen years and upon information and belief, is a resident of Houston County, Alabama. At all material times herein, Kendall Glover was the manager of the Funeral Home.

5.  Defendant Melvin Payne is an individual over the age of nineteen years and, upon information and belief, is a resident of Houston, Texas. At all material times herein, Melvin Payne was the Chairman and CEO of Carriage Services, Inc., parent company to Carriage Funeral Homes.

6.  Defendant W. Clark Harlow is an individual over the age of nineteen years and, upon information and belief, is a resident of Houston, Texas. At all material times herein, W. Clark Harlow was the Treasurer of Carriage Services, Inc., parent company to Carriage Funeral Homes.

7.  At all material times herein complained of, Fictitious Defendants A, & B are those persons, firms, corporations, partnerships or entities, and their officers, agents, or employees, who may be responsible for the allegations made the basis of this complaint, whose names are otherwise unknown to the Plaintiffs at this time, but will be added by amendment when ascertained.

8.  Fictitious Defendants C, D, & E are those persons, firms, corporations, partnerships or entities who conspired with the other Named or Fictitious Defendants to perpetrate fraud or other wrongs set forth herein or who did in fact cause such harm upon the Plaintiffs.

## STATEMENT OF FACTS

9. Since 1990, Plaintiffs Ricky Kent and Charles Kent, Greg Brudnicki and Scott and Jane Thornton owned and operated Kent-Thornton Funeral Home in Dothan, Alabama (hereinafter, "the Funeral Home").

10. In November 1997, Plaintiffs, Jane Thornton and Greg Brudnicki met with representatives of Carriage, who were interested in purchasing the Funeral Home for $1,000,000 plus the amount (if any) of the Contingent Purchase Price, which was to be paid if the earnout amount of the Funeral Home was greater than $1 million. If paid, the Contingent Purchase Price was to be paid to Plaintiffs in cash or in shares of Class A Common Stock in Carriage Services, Inc.. The Contingent Purchase Price Agreement was in effect for the Purchaser's fiscal years ending December 31, 1998-2000.

11. The Plaintiffs, Brudnicki and Thornton signed an Asset Purchase Agreement with Carriage Funeral Services on November 19, 1997. The sale was closed on November 19, 1997 as well.

12. Simultaneous with the sale, Greg Brudnicki became an employee of Carriage Services and a member of its Board of Directors.

13. Simultaneous with the sale, Kendall Glover took over as manager of the Funeral Home for Carriage.

14. In early 2000, Greg Brudnicki and agents of Carriage Funeral Holdings, Inc., including Melvin Payne and W. Clark Harlow, asked Plaintiffs to sign an addendum to the asset purchase agreement allowing Carriage Funeral Holdings, Inc. to pay $154,885.00 in cash, plus 50% of the amount, if any, by which the Earnout Amount exceeds $1 million. In essence, Carriage wanted to pay some extra cash early in exchange for cutting the year-end earnout

amount in half. Ricky Kent was told the amendment would be in the best interests of the Funeral Home.

15. Based upon her trust in Greg Brudnicki from being a co-shareholder and business partner for a number of years, and Brudnicki's representation that the addendum would be in the best interests of the Funeral Home, Jane Thornton agreed to allow her signature to be placed on the amendment.

16. Despite his trust in Greg Brudnicki, Plaintiff Ricky Kent neither consented to nor signed the amendment.

17. On or about February 16, 2000, Greg Brudnicki, acting within the line and scope of his employment as a representative of Carriage Funeral Holdings, Inc., and without consent of Ricky Kent, fraudulently signed Ricky Kent's name to the Amendment to the Asset Purchase Agreement.

18. At the end of 2000, Ricky Kent received a check for $38,000, much lower than he anticipated. When he questioned the low amount, he was told by Greg Brudnicki that the business had not done well over the last year due to the mis-management of funds by Kendall Glover, and the Funeral Home had only made a little over the requisite earnout amount. Greg Brudnicki was at all times aware of the fraudulent signature of Ricky Kent's name to the Amendment to the Asset Purchase Agreement.

19. Ricky Kent received only $44,000 at the end of 2001. He again questioned the low amount, and was again assured by Greg Brudnicki that the Funeral Home had been mismanaged by Kendall Glover in 2000, and the effects were still lingering in 2001.

20. Plaintiff Ricky Kent discovered the fraudulent Amendment to the Asset Purchase Agreement in March 2005.

## COUNT I - FRAUD AND SUPPRESSION

21. Plaintiffs adopt by reference and re-allege each and every allegation contained in paragraphs 1 through 20 of their Complaint, and incorporate the same as if fully set out herein.

22. On or about February 16, 2000, Greg Brudnicki fraudulently signed Ricky Kent's name to the Amendment to the Asset Purchase Agreement.

23. Defendants Greg Brudnicki, Mel Payne, W. Clark Harlow and Kendall Glover facilitated the fraud by preparing the Amendment documents and then taking part in a portion of the efforts to have it signed and put into effect.

24. Each other Named or Fictitious Defendant perpetuated and perpetrated the fraud, or conspired to perpetuate the fraud by carrying out the fraudulent Amendment to the Asset Purchase Agreement and suppressing its fraudulent character, repeatedly affirmatively representing to Plaintiff that the reason the payout was so low was due to mismanagement and low profits to the Funeral Home in 2000 and 2001.

25. The actions committed by and representations made by Defendants were false, Defendants knew that they were false, or Defendants, without the knowledge of the true facts, recklessly misrepresented them, or were made by mistake, with the intention that the Plaintiff should rely upon them, or Defendants knew or should have known at the time that they had made misrepresentations to the Plaintiff.

26. The Plaintiffs relied on these representations to their detriment.

27. As a proximate cause, the Plaintiffs were injured and damaged as described above, including mental anguish and emotional distress.

WHEREFORE, Plaintiffs demand judgment against all Defendants for compensatory damages in such amount as a jury may award, and punitive damages, attorneys fees, interest, costs, and such other, further, and different relief to which he may be entitled.

## COUNT II - CONSPIRACY TO COMMIT FRAUD AND SUPPRESSION

28.   The Plaintiff adopts by reference and re-alleges each and every allegation contained in paragraphs 1 through 27 of his Complaint, and incorporates the same as if fully set out herein.

29.   Each Defendant conspired to commit the ongoing fraud and suppression as described above.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages in such amount as a jury may award, and punitive damages, attorneys fees, interest, costs and such other, further, and different relief to which he may be entitled.

## COUNT III - BREACH OF CONTRACT

30.   The Plaintiff adopts by reference and re-alleges each and every allegation contained in paragraphs 1 through 29 of this Complaint, and incorporates the same as if fully set out herein.

31.   The Defendants, namely Greg Brudnicki, Mel Payne and W. Clark Harlow, breached their contract with Plaintiff by failing to honor the Asset Purchase Agreement to pay 100% of the funds above the earnout amount for the years 2000 and 2001 for the purchase of the Kent-Thornton Funeral Home in Dothan, Alabama.

32. This contract involves a matter, Plaintiff's livelihood, so closely associated with the mental solitude of the Plaintiff, that the Plaintiff has suffered mental anguish and emotional distress as a result of the Defendants' breach.

33. The Asset Purchase Agreement has been continuous by each Defendant who has been a successor in interest to Carriage Funeral Holdings, Inc. and/or Kent-Thornton Funeral Home.

34. As a proximate cause, Plaintiff was injured and damaged as described above.

WHEREFORE, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages as a jury may award, recision and return of the title of all assets delivered to the Defendants, including the Kent-Thornton Funeral Home location in Houston County, Alabama and attorney's fees, interest, costs, and such other, further, in different relief to which they may be entitled.

## COUNT IV - BREACH OF FIDUCIARY DUTY BY GREG BRUDNICKI

35. The Plaintiff adopts by reference and re-alleges each and every allegation contained in paragraphs 1 through 34 of this Complaint and incorporates the same as if fully set out herein.

36. Defendant Greg Brudnicki stood in a special fiduciary relationship to Plaintiffs in various ways, including, but not limited to, acting as President of Kent-Thornton Funeral Home, of which Plaintiff was a part owner and shareholder.

37. As such he owed Plaintiff a special fiduciary duty to avoid harm and inform Plaintiff of any present or past fraud which had been made upon Plaintiff and/or Kent-Thornton Funeral Home, and to deal fairly, openly, and honestly with Plaintiff.

38. Defendant Greg Brudnicki breached this duty by engaging in the conduct, suppression, actions, and inactions outlined above.

39. Defendant Greg Brudnicki breached his fiduciary duty by simultaneously acting as President of Kent-Thornton Funeral Home and an employee of Carriage Funeral Holdings, Inc., namely by attempting to get Plaintiff to sign the amendment to the Asset Purchase Agreement.

40. As a proximate cause, the Plaintiff was injured and damaged as described above.

WHEREFORE, Plaintiff demands judgment against the Defendant Greg Brudnicki for compensatory damages in such an amount as the jury may award, and punitive damages, attorney's fees, interest, costs, and such other, further, and different relief to which they may be entitled.

## COUNT V - NEGLIGENCE
## FRAUD AND SUPPRESSION

41. The Plaintiff adopts by reference and re-alleges each and every allegation contained in paragraphs 1 through 40 of the Complaint and incorporates the same as if fully set out herein.

42. Defendant Greg Brudnicki owed a duty, based on his relationship with the Plaintiffs and in his position of President of the Kent-Thornton Funeral Home, to disclose the fraud perpetrated upon the Plaintiffs, but negligently failed to do so.

43. Defendant Greg Brudnicki, Mel Payne, W. Clark Harlow and Carriage Funeral Holdings, Inc., negligently committed fraud and suppression as set forth above.

44. The proximate cause, the Plaintiff was injured and damaged as described above.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in such an amount as the jury may award, and punitive damages, attorney's fees, interest, costs, and such other, further, and different relief to which they may be entitled.

## COUNT VI - NEGLIGENCE
## BREACH OF CONTRACT

45.   The Plaintiff adopts by reference and re-alleges each and every allegation contained in paragraphs 1 through 44 of the Complaint and incorporates the same as if fully set out herein.

46.   Defendant Greg Brudnicki had a duty, based on his relationship with the Plaintiff, to disclose the breach of contract perpetrated upon the Plaintiff, but negligently failed to do so.

47.   Defendant Greg Brudnicki negligently breached the contract set forth above.

48.   As a proximate cause, Plaintiff was injured and damaged as described above.

WHEREFORE, Plaintiff demands judgment against Defendant Greg Brudnicki for compensatory damages in such an amount as the jury may award, and punitive damages, attorney's fees, interest, costs, and such other, further, and different relief to which they may be entitled.

## COUNT VII - NEGLIGENCE
## BREACH OF FIDUCIARY DUTY

49.   Plaintiff adopts by reference and re-alleges each and every allegation contained in paragraphs 1 through 48 of the Complaint and incorporates the same as if fully set out herein.

50.   Defendant Greg Brudnicki owed a duty, based on his relationship with Plaintiff Ricky Kent as President of Kent-Thornton Funeral Home, to disclose the breach of fiduciary

duty perpetrated upon Plaintiff by the person who forged Plaintiff's name to the Amendment to the Asset Purchase Agreement, but negligently failed to do so.

51. Defendant negligently breached his fiduciary duty as set forth above.

52. As a proximate cause, Plaintiff was injured and damaged as described above.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in such an amount as the jury may award, and punitive damages, attorney's fees, interest, costs, and such other, further, and different relief to which they may be entitled.

## COUNT VIII - NEGLIGENCE

53. The Plaintiff adopts by reference and re-alleges each and every allegation contained in paragraphs 1 through 52 of the Complaint and incorporates the same as if fully set out herein.

54. Defendants owed Plaintiff a legal duty not to injure him as set forth above, but breached that duty as set forth above, causing damage to Plaintiff.

55. Furthermore, Defendants negligently hired, trained, or supervised employees or agents that breached a legal duty to Plaintiff, causing him damage.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in such an amount as the jury may award, and punitive damages, attorney's fees, interest, costs, and such other, further, and different relief to which they may be entitled.

## COUNT XI - WANTONNESS
## FRAUD AND SUPPRESSION

56. Plaintiff adopts by reference and re-alleges each and every allegation contained in paragraphs 1 through 55 of the Complaint and incorporates the same as if fully set out herein.

57. Defendants owed a duty, based on their relationship with Plaintiff, to disclose the fraud perpetrated upon the Plaintiff, but wantonly failed to do so.

58. Defendants wantonly committed fraud or suppression as set forth above.

59. As a proximate cause, the Plaintiff was injured and damaged as described above.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in such an amount as the jury may award, and punitive damages, attorney's fees, interest, costs, and such other, further, and different relief to which he may be entitled.

## COUNT X WANTONNESS
## BREACH - OF CONTRACT

60. Plaintiff adopts by reference and re-alleges each and every allegation contained in paragraphs 1 through 59 of the Complaint and incorporates the same as if fully set out herein.

61. Defendants owed a duty based on their relationship to the Plaintiff, to disclose the breach of contract perpetrated upon the Plaintiff, but wantonly failed to do so.

62. Defendants wantonly breached their contract as set forth above.

63. As a proximate cause, the Plaintiff was injured and damaged as described above.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in such an amount as the jury may award, and punitive damages, attorney's fees, interest, costs, and such other, further, and different relief to which he may be entitled.

## COUNT XI - WANTONNESS
## BREACH OF FIDUCIARY DUTY

64. Plaintiff adopts by reference and re-alleges each and every allegation contained in paragraphs 1 through 63 of the Complaint and incorporates the same as if fully set out herein.

65. Defendant Greg Brudnicki owed a duty, based on his relationship with the Plaintiff as President of Kent-Thornton Funeral Home, to disclose the breach of fiduciary duty perpetrated upon Plaintiff by the individual who forged Plaintiff's name to the Amendment to the Asset Purchase Agreement, but wantonly failed to do so.

66. As a proximate cause, Plaintiff was damaged as described above.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in such an amount as the jury may award, and punitive damages, attorney's fees, interest, costs, and such other, further, and different relief to which they may be entitled.

## COUNT XII - WANTONNESS

67. The Plaintiff adopts by reference and re-alleges each and every allegation contained in paragraphs 1 through 66 of the Complaint and incorporates the same as if fully set out herein.

68. Defendants wantonly injured Plaintiff as set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in such an amount as the jury may award, and punitive damages, attorney's fees, interest, costs, and such other, further, and different relief to which they may be entitled.

## COUNT XIII - FORGERY

69. Plaintiff adopts by reference and re-alleges each and every allegation contained in paragraphs 1 through 68 of the Complaint and incorporates the same as if fully set out herein.

70. Greg Brudnicki fraudulently forged Plaintiff's signature to the Agreement to the Asset Purchase Agreement.

71. As a proximate cause, Plaintiff was injured and damaged as described above.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in such an amount as the jury may award, and punitive damages, attorney's fees, interest, costs, and such other, further, and different relief to which they may be entitled.

## COUNT XV - CONSPIRACY

72. Plaintiff adopts by reference and re-alleges each and every allegation contained in paragraphs 1 through 71 of the Complaint and incorporates the same as if fully set out herein.

73. Each Defendant conspired to commit the forgery as described above.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in such an amount as the jury may award, and punitive damages, attorney's fees, interest, costs, and such other, further, and different relief to which they may be entitled.

## COUNT XVI - ACCOUNTING

74. Plaintiff adopts by reference and re-alleges each and every allegation contained in paragraphs 1 through 73 of the Complaint and incorporates the same as if fully set out herein.

75. Under the terms of the Asset Purchase Agreement, Carriage was to pay any amount over the Contingent Purchase Price of $1,000,000 to Kent and his fellow shareholders for the 1998-2000 fiscal years.

76. Carriage failed to properly pay Kent and his fellow shareholders under the terms of the Asset Purchase Agreement.

WHEREFORE, Plaintiff demands an accounting of the accounts receivable and assets of the business for the 1998-2000 fiscal years.

_____
D. MITCHELL HENRY (HEN046)
KIMBERLY S. DESHAZO (SHU022)
Attorneys for Plaintiff Ricky Kent

OF COUNSEL:

WEBSTER, HENRY & LYONS, P.C.
Post Office Box 239
Montgomery, Alabama 36101-0239
Telephone: (334) 264-9472
Facsimile: (334) 264-9599

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS AND CLAIMS.**

_____
OF COUNSEL

DEFENDANTS CAN BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:

Greg Brudnicki
2403 Harrison Avenue
Panama City, FL 32405

Carriage Funeral Holdings, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Kendall Glover
305 North Englewood Avenue
Dothan, AL 36303

Melvin Payne
Carriage Services, Inc.
1900 St. James Place
4th Floor
Houston, TX 77056

W. Clark Harlow
Carriage Services, Inc.
1900 St. James Place
4th Floor
Houston, TX 77056