## IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **RICKY L. KENT** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **CARRIAGE FUNERAL HOLDINGS, INC.;** | ) |
| **GREG BRUDNICKI; KENDALL GLOVER;** | ) |
| **MELVIN PAYNE; W. CLARK HARLOW;** | ) |
| **et. al.** | ) |
| | ) |
| **Defendants.** | ) |

**CASE NUMBER:** 2:05cv963-D

### <u>Answer of Greg Brudnicki</u>

Defendant Greg Brudnicki ("Brudnicki") hereby answers the allegations of Ricky Kent's

Complaint as follows:

1.    It is admitted that Ricky L. Kent is an individual over the age of nineteen years.
As for the remaining allegations of this paragraph, Brudnicki is without knowledge or
information sufficient to form a belief as to the truth of said allegations, and therefore denies said
allegations..

2.    It is admitted that Carriage is a Delaware Corporation, qualified to do business in
Alabama. The remaining allegations of this paragraph are denied.

3.    It is admitted that Brudnicki is an individual over the age of nineteen who resides
in Panama City, Florida. The remaining allegations of this paragraph are denied.

4.    It is denied that Kendall Glover was the manager of the Funeral Home at all
material times. As for the remaining allegations of this paragraph, Brudnicki is without
knowledge or information sufficient to form a belief as to the truth of such allegations, and

therefore denies said allegations.

5.     It is denied that Carriage Services, Inc. is the parent company to Carriage Funeral Homes.  The remaining allegations of this paragraph are admitted.

6.     It is admitted that W. Clark Harlow is an individual over the age of nineteen and a resident of Houston, Texas.  The remaining allegations of this paragraph are denied.

7.     Allegations regarding fictitious defendants require no response from this Defendant.  To the extent a response is required, said allegations are denied.

8.     Allegations regarding fictitious defendants require no response from this Defendant.  To the extent a response is required, said allegations are denied.

## Statement of Facts

9.     It is admitted that Ricky Kent, Charles Kent, Greg Brudnicki and Scott and Jane Thornton were shareholders in a corporation which owned and operated Kent-Thornton Funeral Home in Dothan, AL.  The remaining allegations of this paragraph are denied.

10.    It is admitted that in November of 1997, Kent-Thornton Funeral Home was sold to Carriage Funeral Holdings, Inc. pursuant to an Asset Purchase Agreement, the terms of which speak for itself.  The remaining allegations of this paragraph are denied.

11.    It is denied that the Asset Purchase Agreement was signed with Carriage Funeral Services.  The remaining allegations of this paragraph are admitted.

12.    Denied.

13.    Admitted.

14.    It is admitted that in early 2000, Brudnicki asked Ricky Kent to sign an amendment, the terms of which speak for itself.  Plaintiff's characterization of the Amendment is incomplete and/or inaccurate and Defendant denies all remaining allegations of this paragraph.

15.    Brudnicki is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

## Count I – Fraud and Suppression

21.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if fully set forth herein.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

## Count II – Conspiracy to Commit Fraud and Suppression

28.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if fully set forth herein.

29.    Denied.

## Count III – Breach of Contract

30.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if fully set forth herein.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

## Count IV – Breach of Fiduciary Duty by Greg Brudnicki

35.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if fully set forth herein.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

## Count V – Negligence Fraud and Suppression

41.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if fully set forth herein.

42.    Denied.

43.    Denied.

44.    Denied.

## Count VI – Negligence Breach of Contract

45.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if fully set forth herein.

46.    Denied.

47.    Denied.

48.    Denied.

## Count VII – Negligence Breach of Fiduciary Duty

49.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if fully set forth herein.

50.    Denied.

51.    Denied.

52.    Denied.

## Count VIII – Negligence

53.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if fully set forth herein.

54.    Denied.

55.    Denied.

## Count IX[1] – Wantonness Fraud and Suppression

56.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if fully set forth herein.

57.    Denied.

58.    Denied.

59.    Denied.

## Count X – Wantonness Breach of Contract

60.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if fully set forth herein.

61.    Denied.

62.    Denied.

63.    Denied.

## Count XI – Wantonness Breach of Fiduciary Duty

64.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if fully set forth herein.

65.    Denied.

66.    Denied.

## Count XII – Wantonness

67.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if fully set forth herein.

68.    Denied.

## Count XIII – Forgery

69.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if fully set forth herein.

70.    Denied.

71.    Denied.

## Count XV[2] – Conspiracy

72.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if fully set forth herein.

73.    Denied.

## Count XVI – Accounting

74.    Brudnicki realleges his answers to the preceding paragraphs of the Complaint as if

---

1 The Complaint incorrectly identified this Count as "Count XI".

fully set forth herein.

     75.    Denied.

     76.    Denied.

### Affirmative Defenses

1.    Plaintiff's Complaint, and each count thereof, fails to state a claim for which relief can be granted.

2.    Plaintiff's claims are barred by the applicable statute of limitations.

3.    Plaintiff is barred from recovery, in whole or in part, because of his own contributory negligence.

4.    Plaintiff lacks standing to pursue the asserted claims.

5    Plaintiff is not a real party in interest to the claims asserted in the Complaint.

6.    Brudnicki asserts the affirmative defenses of laches, waiver, estoppel, accord and satisfaction, unjust enrichment and unclean hands.

7.    The Complaint fails to plead fraud with the requisite degree of specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.

8.    Plaintiff has failed to plead with the requisite degree of specificity sufficient facts entitling himm to invoke the tolling provisions of Ala. Code § 6-2-3 (replace. 1993).

9.    While Defendant denies that he is liable for any conduct that would support an award of punitive damages, he pleads the legislative cap on punitive damages contained in Alabama Code §6-11-21.

10.    Plaintiff has failed to mitigate his damages, if any.

11.    Plaintiff's claims are subject to the limitations and protections of Ala. Code § 6-11-27.

---

2 There was no Count XIV plead.

Plaintiff's demand for punitive damages violates the excessive fines provisions, due process clauses and equal protection clauses of both the United States Constitution and the Alabama Constitution of 1901.

12.    Any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America, including, but not limited to, the Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the Constitution of the United States. With respect to Plaintiff's demands herein for punitive damages, such demands are limited by and subject to any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards articulated in *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S.Ct. 1678 (2001) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

13.    In the event of remand, Defendant asserts that venue in the Circuit Court of Barbour County, Alabama, Clayton Division, is improper.

14.    In the event of remand, Defendant asserts that venue in the Circuit Court of Barbour County, Alabama, Clayton Division, should be transferred under the doctrine of forum non conveniens.

15.    This Court lacks personal jurisdiction over this Defendant.

16.    At the time this answer is filed, Defendant has not obtained discovery from Plaintiff. Accordingly, Defendant reserves its rights to amend this answer to assert each such supplemental or additional defenses, counterclaims or third party claims as are appropriate upon the completion of discovery.

C. Nelson Gill (GIL055)
Robert D. Segall (SEG003)
J. David Martin (MAR120)
*Attorneys for Defendant Greg Brudnicki*

Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama 36101-0347
Phone: 334/834-1180
Facsimile: 334/834-3172

## CERTIFICATE OF SERVICE

And, I hereby certify that I have mailed by United States Postal Service the document to the following counsel of record on this the 6th day of October 2005:

**Attorney for Plaintiff Ricky L. Kent**
D. Mitchell Henry
Webster, Henry & Lyons, P.C.
Post Office Box 239
Montgomery, AL 36101-0239
Ph: 334/264-9472
Fax: 334/264-9599

C. Nelson Gill