# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **RICKY L. KENT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NUMBER:** $2:05CV963-D$ |
| | ) | |
| **CARRIAGE FUNERAL HOLDINGS, INC.;** | ) | |
| **GREG BRUDNICKI; KENDALL GLOVER;** | ) | |
| **MELVIN PAYNE; W. CLARK HARLOW;** | ) | |
| **et. al.** | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **Defendants.** | ) | |

## Answer and Counterclaim of Carriage Funeral Holdings, Inc.

Defendant Carriage Funeral Holdings, Inc. hereby files its Answer and also asserts a counterclaim against Ricky Kent:

### Answer

1.      It is admitted that Ricky L. Kent is an individual over the age of nineteen years. As for the remaining allegations of this paragraph, Carriage is without knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore denies said allegations.

2.      It is admitted that Carriage is a Delaware Corporation, qualified to do business in Alabama. The remaining allegations of this paragraph are denied.

3.      It is admitted that Greg Brudnicki is an individual over the age of nineteen and a resident of Panama City, FL. As for the remaining allegations of this paragraph, Carriage is without knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore denies said allegations.

1

4.      It is admitted that Kendall Glover is an individual over the age of nineteen and a resident of Houston County, Alabama.  The remaining allegations of this paragraph are denied.

5.      It is denied that Carriage Services, Inc. is the parent company to Carriage Funeral Homes.  The remaining allegations of this paragraph are admitted.

6.      It is admitted that W. Clark Harlow is an individual over the age of nineteen and a resident of Houston, Texas.  The remaining allegations of this paragraph are denied.

7.      Allegations regarding fictitious defendants require no response from this Defendant.  To the extent a response is required, said allegations are denied.

8.      Allegations regarding fictitious defendants require no response from this Defendant.  To the extent a response is required, said allegations are denied.

### Statement of Facts

9.      It is admitted that Ricky Kent, Charles Kent, Greg Brudnicki and Scott and Jane Thornton were shareholders in a corporation which owned and operated Kent-Thornton Funeral Home in Dothan, AL.  As for the remaining allegations of this paragraph, Carriage is without knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore denies said allegations.

10.     It is admitted that in November of 1997, Kent-Thornton Funeral Home was sold to Carriage Funeral Holdings, Inc. pursuant to an Asset Purchase Agreement, the terms of which speak for itself.  The remaining allegations of this paragraph are denied.

11.     It is denied that the Asset Purchase Agreement was signed with Carriage Funeral Services.  The remaining allegations of this paragraph are admitted.

12.     Denied.

2

13.    Admitted.

14.    It is admitted that in early 2000, Plaintiff was asked to sign an amendment, the terms of which speak for itself. It is denied that Melvin Payne and W. Clark Harlow asked Plaintiff to sign the amendment to the asset purchase agreement. Plaintiff's characterization of the Amendment is incomplete and/or inaccurate and Defendant denies all remaining allegations of this paragraph.

15.    Carriage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies said allegations.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

## Count I – Fraud and Suppression

21.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

## Count II – Conspiracy to Commit Fraud and Suppression

28.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

29.    Denied.

## Count III – Breach of Contract

30.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

## Count IV – Breach of Fiduciary Duty by Greg Brudnicki

35.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

## Count V – Negligence Fraud and Suppression

41.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

42.    Denied.

43.    Denied.

44.    Denied.

## Count VI – Negligence Breach of Contract

45.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

46.    Denied.

47.    Denied.

48.    Denied.

## Count VII – Negligence Breach of Fiduciary Duty

49.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

50.    Denied.

51.    Denied.

52.    Denied.

## Count VIII – Negligence

53.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

54.    Denied.

55.    Denied.

## Count IX[1] – Wantonness Fraud and Suppression

---

1 The Complaint incorrectly identified this Count as "Count XI".

56.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

57.    Denied.

58.    Denied.

59.    Denied.

## Count X – Wantonness Breach of Contract

60.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

61.    Denied.

62.    Denied.

63.    Denied.

## Count XI – Wantonness Breach of Fiduciary Duty

64.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

65.    Denied.

66.    Denied.

## Count XII – Wantonness

67.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

68.    Denied.

## Count XIII – Forgery

69.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if

6

fully set forth herein.

    70.    Denied.

    71.    Denied.

## Count XV[2] – Conspiracy

    72.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

    73.    Denied.

## Count XVI – Accounting

    74.    Carriage realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

    75.    Denied.

    76.    Denied.

### Affirmative Defenses

1.    Plaintiff's Complaint, and each count thereof, fails to state a claim for which relief can be granted.

2.    Each of Plaintiff's claims is barred by the applicable statute of limitations.

3.    Plaintiff is barred from recovery, in whole or in part, because of his own contributory negligence.

4.    Plaintiff lacks standing to pursue the asserted claims.

5    Plaintiff is not a real party in interest to the claims asserted in the Complaint.

6.    Carriage asserts the affirmative defenses of laches, waiver, estoppel, accord and

---

2 There was no Count XIV plead.

satisfaction, unjust enrichment and unclean hands.

7.    The Complaint fails to plead fraud with the requisite degree of specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.

8.    Plaintiff has failed to plead with the requisite degree of specificity sufficient facts entitling him to invoke the tolling provisions of Ala. Code § 6-2-3 (replace. 1993).

9.    While Defendant denies that it is liable for any conduct that would support an award of punitive damages, it pleads the legislative cap on punitive damages contained in Alabama Code §6-11-21.

10.    Plaintiff's claims are subject to the limitations and protections of Ala. Code § 6-11-27. Plaintiffs' demand for punitive damages violates the excessive fines provisions, due process clauses and equal protection clauses of both the United States Constitution and the Alabama Constitution of 1901.

11.    Plaintiff has failed to mitigate his damages, if any.

12.    Any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America, including, but not limited to, the Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the Constitution of the United States.  With respect to Plaintiff's demands herein for punitive damages, such demands are limited by and subject to any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards articulated in *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S.Ct. 1678 (2001) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

13.    In the event of remand, Defendant asserts that venue in the Circuit Court of Barbour County,

8

Alabama, Clayton Division, is improper.

14.    In the event of remand, Defendant asserts that venue in the Circuit Court of Barbour County, Alabama, Clayton Division, should be transferred under the doctrine of forum non conveniens.

15.    At the time this answer is filed, Defendant has not obtained discovery from Plaintiff. Accordingly, Defendant reserves its rights to amend this answer to assert each such supplemental or additional defenses, counterclaims or third party claims as are appropriate upon the completion of discovery.

## Counterclaim

Carriage Funeral Holdings, Inc. ("Carriage") hereby files its Counterclaim against Ricky Kent as follows:

1.    The November 19, 1997 Asset Purchase Agreement under which Carriage acquired the assets of Kent-Thornton Funeral Home in Dothan, Alabama, required Carriage to pay a purchase price of $1,000,000.00 plus a Contingent Purchase Price if the Earnout Amount as defined in the agreement exceeded $1,000,000.00.

2.    Carriage in fact paid the purchase price in November of 1997.

3.    Under the terms of the Asset Purchase Agreement, the Contingent Purchase Price, if earned, was due to be paid on or before March 31, 2001.

4.    In February of 2000, Carriage executed an Amendment to the Asset Purchase Agreement (the "Amendment"), which required it to make an advance payment on the Contingent Purchase Price in the amount of $154,885.00 no later than March 31, 2000. The Amendment further required that if the Earnout Amount exceeded $1,000,000.00, Carriage must pay 50% of such excess on or before March 31, 2001.

9

5.    Pursuant to the terms of the Amendment to the Asset Purchase Agreement, on or before March 31, 2000 Carriage made a payment of $38,721.25 to Ricky Kent. This payment represented Mr. Kent's portion of the $154,885.00 advance payment made pursuant to the Amendment.

6.    On March 30, 2001 Carriage made an additional payment of $47,672.55 to Ricky Kent, such payment representing Mr. Kent's portion of remaining Contingent Purchase Price owed pursuant to the Amendment.

7.    On September 1, 2005 Ricky Kent filed this suit against Carriage and others, alleging that he did not consent to the Amendment and that his signature on the Amendment was a forgery.

**Suppression**

8.    Counterclaim Plaintiff realleges the preceding paragraphs of the counterclaim as if fully set forth herein.

9.    Accepting the allegations of Ricky Kent's Complaint as true, Ricky Kent retained a payment from Carriage in 2000 made pursuant to the Amendment, knowing that he had not consented to the Amendment.

10.    Ricky Kent failed to disclose to Carriage that he had not consented to the Amendment and therefore was not entitled to the advance payment in 2000 under the terms of the original Asset Purchase Agreement.

11.    Due to the relationship between the parties and the particular circumstances of this case, Ricky Kent had a duty to disclose to Carriage that he had not consented to the Amendment and therefore was not entitled to an advance payment in 2000.

12.    In reliance upon Ricky Kent's apparent consent to the Amendment, Carriage made an advance payment of $38,721.25 to him in 2000 and has been otherwise injured and damaged as a result of Ricky Kent's Fraudulent suppression, including the expense of having to defend the present lawsuit.

WHEREFORE, Counterclaim Plaintiff Carriage Funeral Holdings, Inc. demands judgment against Counterclaim Defendant Ricky Kent for an amount of compensatory and punitive damages as a jury may award, plus the costs of this action.

### Misrepresentation

13.    Counterclaim Plaintiff realleges the preceding paragraphs of the counterclaim as if fully set forth herein.

14.    In February of 2000, Ricky Kent represented to Greg Brudnicki that Ricky consented to the Amendment and further represented that his brother Charles Kent was authorized to execute the Amendment on Ricky's behalf.

15.    These representations are now alleged by Ricky Kent to be false and were relied upon by Carriage to its detriment in that it performed under the terms of the Amendment.

16.    Carriage has been injured and damaged due to the misrepresentations of Ricky in that it has complied with the Amendment to the Asset Purchase Agreement by paying a portion of the Contingent Purchase Price earlier than it was otherwise required to do so under the original Asset Purchase Agreement and has now been further injured and damaged in that it is having to defend itself from the lawsuit filed by Ricky Kent which alleges that he never consented to the Amendment to the Asset Purchase Agreement.

17.    Carriage discovered these representations were false when Ricky Kent filed the

11

present lawsuit on September 1, 2005, claiming that his signature on the Amendment to the Asset Purchase Agreement was a forgery and that he had never consented to the Amendment to the Asset Purchase Agreement.

WHEREFORE, Counterclaim Plaintiff Carriage Funeral Holdings, Inc. demands judgment against Counterclaim Defendant Ricky Kent for an amount of compensatory and punitive damages as a jury may award, plus the costs of this action.

C. Nelson Gill (GIL055)
Robert D. Segall (SEG003)
J. David Martin (MAR120)
*Attorneys for Defendant Carriage Funeral Holdings, Inc.*

Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama 36101-0347
Phone: 334/834-1180
Facsimile: 334/834-3172

## CERTIFICATE OF SERVICE

And, I hereby certify that I have mailed by United States Postal Service the document to the following counsel of record on this the 6th of October, 2005:

**Attorney for Plaintiff Ricky L. Kent**
D. Mitchell Henry
Webster, Henry & Lyons, P.C.
Post Office Box 239
Montgomery, AL 36101-0239
Ph: 334/264-9472
Fax: 334/264-9599

C. Nelson Gill

13