IN THE CIRCUIT COURT FOR BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

| | | |
|---|---|---|
| RICKY KENT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 2:05CV963-D |
| | ) | |
| CARRIAGE FUNERAL HOLDINGS, | ) | |
| INC.; GREG BRUDNICKI; KENDALL | ) | JURY DEMAND |
| GLOVER; MELVIN PAYNE; | ) | |
| W. CLARK HARLOW; et al, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO CARRIAGE FUNERAL HOLDINGS, INC.'S COUNTERCLAIM

COMES NOW the Plaintiff/Counterclaim Defendant, Ricky L. Kent (hereinafter, "Counterclaim Defendant") and states that this case has been improperly removed to this Court. As a result, this Court lacks jurisdiction and venue over this matter, and the case is due to be remanded. The undersigned is preparing a Motion for Remand and will submit said Motion to this Court in the near future. Without waiving the foregoing, for answer to Defendant/Counterclaim Plaintiff Carriage Funeral Holdings, Inc.'s Counterclaim in the above-referenced action, the Counterclaim Defendant states as follows:

1. Counterclaim Defendant admits the material allegations contained in paragraph 1 of Carriage Funeral Holdings, Inc.'s Counterclaim.

2. Counterclaim Defendant admits the material allegations contained in paragraph 2 of

Carriage Funeral Holdings, Inc.'s Counterclaim.

3. Counterclaim Defendant admits the material allegations contained in paragraph 3 of Carriage Funeral Holdings, Inc.'s Counterclaim.

4. Counterclaim Defendant denies the material allegations contained in paragraph 4 of Carriage Funeral Holdings, Inc.'s Counterclaim and demands strict proof thereof.

5. Counterclaim Defendant denies the material allegations contained in paragraph 5 of Carriage Funeral Holdings, Inc.'s Counterclaim and demands strict proof thereof.

6. Counterclaim Defendant denies the material allegations contained in paragraph 6 of Carriage Funeral Holdings, Inc.'s Counterclaim and demands strict proof thereof.

7. Counterclaim Defendant admits the material allegations contained in paragraph 7 of Carriage Funeral Holdings, Inc.'s Counterclaim.

## **SUPPRESSION**

8. Counterclaim Defendant adopts and incorporates by reference its responses to paragraphs 1-7 of Carriage Funeral Homes, Inc.'s Counterclaim as if fully set forth herein

9. Counterclaim Defendant denies the material allegations contained in paragraph 9 of Carriage Funeral Homes, Inc.'s Counterclaim and demands strict proof thereof.

10. Counterclaim Defendant denies the material allegations contained in paragraph 10 of Carriage Funeral Homes, Inc.'s Counterclaim and demands strict proof thereof.

11. Counterclaim Defendant denies the material allegations contained in paragraph 11 of Carriage Funeral Homes, Inc.'s Counterclaim and demands strict proof thereof.

12. Counterclaim Defendant denies the material allegations contained in paragraph 12 of

Carriage Funeral Homes, Inc.'s Counterclaim and demands strict proof thereof.

## MISREPRESENTATION

13. Counterclaim Defendant adopts and incorporates by reference its responses to paragraphs 1-12 of Carriage Funeral Homes, Inc.'s Counterclaim as if fully set forth herein

14. Counterclaim Defendant denies the material allegations contained in paragraph 14 of Carriage Funeral Homes, Inc.'s Counterclaim and demands strict proof thereof.

15. Counterclaim Defendant denies the material allegations contained in paragraph 14 of Carriage Funeral Homes, Inc.'s Counterclaim and demands strict proof thereof.

16. Counterclaim Defendant denies the material allegations contained in paragraph 16 of Carriage Funeral Homes, Inc.'s Counterclaim and demands strict proof thereof.

17. Counterclaim Defendant denies the material allegations contained in paragraph 17 of Carriage Funeral Homes, Inc.'s Counterclaim and demands strict proof thereof.

## FIRST DEFENSE

Defendant/Counterclaim Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant.

## SECOND DEFENSE

Defendant/Counterclaim Plaintiff has failed to mitigate its injuries and damages, if any.

## THIRD DEFENSE

Counterclaim Defendant's conduct was not the proximate cause of any injuries and damages to the Plaintiff.

## FOURTH DEFENSE

Defendant/Counterclaim Plaintiff's injuries and damages, if any, are the result of a superceding independent intervening cause.

## FIFTH DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred by the applicable Statute of Limitations.

## SIXTH DEFENSE

Counterclaim Defendant pleads the general issue.

## SEVENTH DEFENSE

Counterclaim Defendant pleads the doctrine of Unjust Enrichment.

## EIGHTHDEFENSE

Counterclaim Defendant pleads the doctrine of Unclean Hands.

## NINTH DEFENSE

To the extent Defendant/Counterclaim Plaintiff's claim for wantonness may invoke punitive damages, it violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)   The procedures pursuant to which punitive damages are awarded may

       result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and,

(g)     The procedure pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

(h)     The Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

       (1)     It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

       (2)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

       (3)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

       (4)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

       (5)     The award of the punitive damages in the case constituted a deprivation of property without due process of law.

 (i) The Plaintiff's attempt to impose punitive or extra-contractual damages on the Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

 (j) The award of punitive damages to the Plaintiff in the action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

 (k) The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of the Constitution of Alabama.

 (l) The award of punitive damages against the Defendant in the action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

 (m) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article, Section 6, of the Alabama Constitution.

### **TENTH DEFENSE**

Defendant/Counterclaim Plaintiff's Complaint seeks to make the Counterclaim Defendant liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996) on the issues of punitive damages. Counterclaim Defendant adopts by reference whatever defenses, criteria, limitations, and standards as mandated by the United States Supreme Court decision in that case.

## ELEVENTH DEFENSE

Counterclaim Defendant affirmatively pleads that any punitive damages that the Defendant/Counterclaim Plaintiff may recover in this case should be capped in keeping with Alabama Code Section 6-11-21 and in the spirit of the Alabama Supreme Court's recent decision in Oliver v. Towns, 738 So.2d 798 (Ala. 1999).

## TWELFTH DEFENSE

Defendant/Counterclaim Plaintiff's demand for punitive damages is due to be struck because, on May 14, 2001, the United States Supreme Court released its decision in *Cooper Industries, Inc. V. Leatherman Tool Group, Inc.* 532 U.S. 424 (2001), holding that the amount of punitive damages, "is not really a fact 'tried' by the jury," and the right to jury trial is therefore not implicated. The court pointed to a fundamental difference between compensatory and punitive damages. Whereas compensatory damages are "essentially a factual determination," punitive damages are "an expression of moral condemnation" that essentially constitutes a conclusion of law. The court cited the Eighth Amendment in explaining that constitutional excessiveness protections apply to both criminal and civil punishments.

Such punishments should be determined by courts as a matter of law, rather than by juries as a matter of fact.

## THIRTEENTH DEFENSE

Defendant/Counterclaim Plaintiff's claims are frivolous, spurious and have no basis in law or fact, and are subject to the terms of the Alabama Litigation Accountability Act.

## FOURTEENTH DEFENSE

Counterclaim defendant pleads the defense of truth.

## FIFTEENTH DEFENSE

Counterclaim Defendant pleads the defense of no justifiable reliance.

      /s/ D. Mitchell Henry
D. MITCHELL HENRY (HEN046)
KIMBERLY S. DESHAZO (SHU022)
Attorneys for Counterclaim Defendant
Ricky L. Kent

Counterclaim Defendant demands a trial by struck jury on all counts.

      /s/ D. Mitchell Henry
D. MITCHELL HENRY (HEN046)
KIMBERLY S. DESHAZO (SHU022)
Attorneys for Counterclaim Defendant
Ricky L. Kent

OF COUNSEL:

WEBSTER, HENRY & LYONS, P.C.
Post Office Box 239
Montgomery, Alabama 36101-0239
Telephone: (334) 264-9472
Facsimile: (334) 264-9599

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing mail on all counsel of record <u>as listed below</u> by placing a copy thereof, in the United States mail, postage prepaid, on this the 26th day of October, 2005:

C. Nelson Gill, Esq.
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, aL 36101-0347

                                        <u>/s/ D. Mitchell Henry</u>
                                        OF COUNSEL