IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY KENT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05cv963-D |
| | )          (WO) |
| CARRIAGE FUNERAL HOLDINGS, INC., | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

Before the court is Plaintiff Ricky Kent's motion to remand. (Doc. No. 10.) Plaintiff's motion is accompanied by a brief and evidence. (Id.) Defendants Carriage Funeral Holdings, Inc., Greg Brudnicki, Melvin Payne and W. Clark Harlow, as the removing Defendants, filed a response in opposition to Plaintiff's motion to remand. (Doc. No. 13.) Construing the facts in the light most favorable to Plaintiff and having carefully considered the arguments of counsel, the submissions of the parties, and the relevant law, the court finds that Plaintiff's motion to remand is due to be granted.[1]

---

[1] The party removing an action to federal court has the burden to establish federal jurisdiction. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Seroyer v. Pfizer, Inc., 991 F. Supp. 1308, 1312 (M.D. Ala. 1997). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court." Seroyer, 991 F. Supp. at 1312 (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). In determining the propriety of removal, the court evaluates the factual allegations and controlling law in the light most favorable to the plaintiff. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

In this lawsuit which stems from alleged frauds in connection with the sale of Kent-Thornton Funeral Home to Carriage Funeral Holdings, Inc., Plaintiff contends that complete diversity of citizenship does not exist because one of the defendants, Kendall Glover ("Glover"), shares the same citizenship as Plaintiff. Plaintiff, thus, asserts that removal of this case from circuit court on the basis of diversity jurisdiction was not proper. See 28 U.S.C. §§ 1332(a)(1), 1441. The removing Defendants, however, argue that Glover has been fraudulently joined to defeat removal.

Having examined the allegations in the complaint, as well as the evidence submitted by the parties, see Legg v. Wyeth, 428 F.3d 1317, 1322-23 (11th Cir. 2005), the court concludes that Defendants have not met their "heavy" burden of proving that the joinder of Glover is fraudulent. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). The court concludes that a possibility exists, however slight, that Plaintiff can recover on at least one of his causes of action against Glover. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.") (emphasis in original); Cabalceta, 883 F.2d at 1561 (Joinder is fraudulent if there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant.") (emphasis added). The court, therefore, finds that complete diversity is absent because Plaintiff and Glover both are citizens of Alabama.

Accordingly, it is CONSIDERED and ORDERED that Plaintiff's motion to remand be and the same is hereby GRANTED, and that this action be and the same is hereby REMANDED to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C. § 1447(c). Defendants' request for oral argument is hereby DENIED as unnecessary.

The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

DONE this 21st day of February, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE